UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLOMBIA

Holding a Criminal Term

Grand Jury Sworn in on September 30, 2004

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| | : | GRAND JURY ORIGINAL |
| | : | |
| v. | : | VIOLATIONS : |
| | : | |
| | : | 21 U.S.C. Sections 952, 960, and 963 |
| ADAN CASTILLO LOPEZ | : | (Conspiring to Import Five Kilograms |
| | : | or More of Cocaine into the United |
| | : | States) |
| | : | |
| | : | 21 U.S.C. Sections 959, 960, and 963 |
| | : | (Conspiracy to Distribute Five |
| JORGE AGUILAR GARCIA, | : | Kilograms or More of Cocaine |
| a.k.a. "SIERRA VICTOR" | : | Knowing that It Would Be |
| | : | Imported into the United States) |
| | : | |
| | : | 18 U.S.C. Section 2 |
| and | : | (Aiding and Abetting) |
| | : | |
| | : | 21 U.S.C. Sections 853 and 970 |
| RUBILIO ORLANDO PALACIOS, | : | (Asset Forfeiture) |
| a.k.a. "GATO", | : | |

Defendants:

INDICTMENT

THE GRAND JURY CHARGES THAT:

COUNT I

From in or about July 2005 and continuing thereafter up to and including the date of

the filing of this Indictment, the exact dates being unknown to the Grand Jury, in

Guatemala, and elsewhere, the defendants, ADAN CASTILLO LOPEZ, JORGE AGUILAR GARCIA, also known as SIERRA VICTOR,  AND RUBILIO ORLANDO PALACIOS,  also known as GATO,  and others unknown to the Grand Jury not indicted herein, did knowingly and intentionally combine, conspire, confederate, and agree to commit the following offense against the United States: knowingly and intentionally import five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, into the United States from Guatemala,  Mexico, and elsewhere, in violation  of Title 21, United States Code, Sections 952 ,960, and 963; and Title 18, United States Code, Section 2.

>(Conspiracy to Import Five Kilograms or More of Cocaine into the United States, in violation of Title 21, United States Code, Sections 952, 960, and 963, and Title 18, United States Code, Section 2)

## COUNT TWO

The Grand Jury further charges that from in or about July 2005 and continuing thereafter up to and including the date of the filing of this Indictment, the exact dates being unknown to the Grand Jury, in Guatemala and elsewhere, the defendants ADAN CASTILLO LOPEZ, JORGE AGUILAR GARCIA, also known as SIERRA VICTOR, and RUBIOIO ORLANDO PALACIOS, also known as GATO, and others unknown to the Grand Jury and not indicted herein, did knowingly and intentionally combine, conspire, confederate, and agree to commit the following offense against the United States:

knowingly and intentionally distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, knowing and intending that such substance would be unlawfully imported into the United States from Guatemala and Mexico, in violation of Title 21, United States Code, Sections 959, 960, and 963, and Title 18, United States Code, Section 2.

> (Conspiracy to Distribute Five Kilograms of Cocaine Knowing and
> Intending that the Cocaine Would Be Imported into the United States,
> in violation of Title 21, United States Code, Sections 959, 960, and 963,
> and Title 18, United States Code, Section 2)

FORFEITURE ALLEGATION

The violations alleged in Counts One and Two are realleged and incorporated by reference herein.

As a result of the offenses alleged in Counts One and Two, the defendants ADAN CASTILLO LOPEZ, JORGE AGUILAR GARCIA, a.k.a. "SIERRA VICTOR", AND RUBILIO ORLANDO PALACIOS, a.k.a. "GATO", shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853 and 970, any and all respective right, title, or interest which such defendants may have in (1) any and all money and /or property constituting, or derived from any proceeds which such defendants obtained, directly or indirectly, as the result of the violations alleged in Count One of this Indictment; and (2) any and all property used, in any manner or part, to commit, or to facilitate the commission of the violations alleged in Counts One and Two of this Indictment.

If any of said forfeitable property, as a result of any act or omission of the

defendants, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty; it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the said property. Criminal Forfeiture, in violation of Title 21, United States Code, Sections 853 and 970.

    (Criminal Forfeiture, in violation of Title 21, United States Code, Sections 853 and 970)

A TRUE BILL:

_____
FOREPERSON

THOMAS PADDEN, Acting Chief
Narcotic and Dangerous Drug Section
Criminal Division
Department of Justice
Washington, DC 20005


By: _____
Michael Mota
Trial Attorney
Narcotic and Dangerous Drug Section
202-514-5540


By: _____
Paul Laymon
Trial Attorney
Narcotic and Dangerous Drug Section
202-514-1286