UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE NO. 05-404** |
| | : | |
| v. | : | |
| | : | |
| **ADAN CASTILLO LOPEZ, et al.** | : | |

**GOVERNMENT'S MOTION FOR PRE-TRIAL DETENTION**

Introduction

The United States respectfully moves this Court to order the pre-trial detention of defendants ADAN CASTILLO LOPEZ, JORGE AGUILAR GARCIA, a/k/a SIERRA VICTOR, and RUBILIO ORLANDO PALACIOS, a/k/a GATO.  In support, the government alleges the following:

Factual Background

The charges in this case arise from a four month long investigation by the United States Drug Enforcement Administration into allegations of corruption and narcotics trafficking against three senior members of the Guatemalan National Police Anti-Narcotics Unit, known by the Spanish acronym SAIA.  The three senior police officials are the three defendants charged in this case.

On September 1, 2005, a DEA informant paid each defendant $5,000.00 cash to secure the defendants' cooperation in protecting at least one cocaine shipment, ostensibly to be sent through Guatemala to the United States.  The informant recorded the meeting and payments, made in Guatemala City, Guatemala.

On September 20, 2005, the same informant met with two of the three defendants, Adan Castillo Lopez and Jorge Aguilar Garcia.  Again, the defendants discussed protecting a cocaine

shipment from a port in Guatemala to the border with Mexico. Defendant Castillo said he could protect the load for approximately 300, understood to be $300,000.00. Again, the informant recorded the meeting, also held in Guatemala City, Guatemala.

On November 7, 2005, the same informant met with Adan Castillo Lopez and defendant Rubilio Orlando Palacios, again in Guatemala City. The defendants spoke with the informant about receiving a shipment of 2000 kilograms of cocaine and again discussed payment. The informant paid these defendants $10,000.00 cash, and also recorded the meeting.

A grand jury in Washington, D.C. returned a true bill of indictment against the defendants on November 10, 2005. The U.S. District Court in Washington issued warrants for the arrests of each defendant.

## Argument

As set forth, there is a statutory presumption in favor of detention because the defendants are charged with conspiracy to import cocaine into the United States, and with conspiracy to distribute cocaine, knowing and intending that the cocaine would be imported into the United States, 21 U.S.C. 952, 959, 960 and 963. These offenses carry a maximum penalty of ten years or more in prison. 18 U.S.C. 3142(e).

Moreover, all of the defendants are Guatemalan Nationals, without U.S. citizenship. They each have minimal or no ties to the United States. They came to the U.S. willingly, but only as part of a ruse by the Drug Enforcement Administration. They did not know of the pending federal case against them when initially traveling to the U.S. See 18 U.S.C. 3142(g)(3)(A); United States v. Townsend, 897 F.2d 989 (9th Cir. 1990).

The weight of the evidence against them also favors pre-trial detention. In meetings with a DEA informant, the defendants received cash payments and discussed their plans to

protect cocaine shipped through Guatemala, intended for the United States. Three meetings took place in Guatemala City, Guatemala, on September 1, 2005, September 20, 2005 and November 7, 2005. The informant recorded each meeting.

DEA agents arrested the defendants on November 15, 2005 in the United States. Following their arrests, each defendant made statements about the case, arguably inculpating themselves.

## Conclusion

Therefore, because of the nature of the offenses charged, the presumption which attaches to the offenses, the defendants' lack of ties to the United States, and the weight of the evidence against each defendant, the government requests that this Court issue an order of detention for each defendant, and that each defendant be held without bond.

Respectfully submitted,

Thomas Padden
Acting Chief
Narcotic and Dangerous Drug Section
1400 New York Avenue
Washington, D.C.    20005


By: _____
Paul Laymon
Trial Attorney
Narcotic and Dangerous Drug Section
1400 New York Avenue
Washington, D.C.    20005

(202)-514-1286