THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | Criminal No. 05-404 (RMC) |
| ) | |
| ADAN CASTILLO ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MOTION TO SUPPRESS STATEMENTS
## AND MEMORANDUM OF POINTS AND AUTHORITIES

Adan Castillo through undersigned counsel, respectfully moves this Court pursuant to the Fifth Amendment of the United States Constitution, to suppress any oral statements made at, during or after the time of his arrest. The defendant requests an evidentiary hearing on this matter. In support of this motion, counsel states the following:

### FACTUAL BACKGROUND[1]

On or about November 15, 2005, Mr. Castillo was arrested by DEA Special Agents at a hotel in Chantilly, Virginia. According to DEA reports, at the time of his arrest, after he was Mirandized, Mr. Castillo provided an oral statement. It is this oral statement that Mr. Castillo moves to suppress.

### LEGAL PRINCIPLES

**ALL STATEMENTS IN THIS CASE WERE SECURED IN VIOLATION OF MR. CASTILLO'S FIFITH AMENDEMNT RIGHTS AND MUST BE SUPPRESSED.**

---

[1] Mr. Castillo incorporates information in the Factual Background section of this motion from the government's DEA-6 reports. However, Mr. Castillo does not adopt such information as true and accurate and reserves the right to object and argue against its accuracy.

*Miranda* requires suppression during the government's case-in-chief of any unwarned communication by the defendant in response to custodial interrogation. *See, e.g., Pennsylvania v. Muniz*, 110 S. Ct. 2638, 2643-44 (1990).

A person is in "custody" under *Miranda* when he "has been . . . deprived of his freedom of action in any significant way." *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). Whether a person is in custody depends upon "how a reasonable man in the suspect's position would have understood his situation*." Berkemer v. McCarty*, 468 U.S. 420, 442 (1984). "[T]he term 'interrogation' under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980) (footnotes omitted).

With regard to the statement at issue here, Mr. Castillo was clearly in custody for Miranda purposes since the alleged statements were made after or while he was being arrested, restrained and handcuffed. Certainly, at that point, no individual would consider himself free to leave. Thus, Mr. Castillo, at the time he made the statement, had been "deprived of his freedom of action in a[] significant way," *Miranda*, 384 U.S. at 444, and a "reasonable man in Mr. Castillo's position would have understood his situation" as being one in which he was not free to leave the agent's custody, *Berkemer v. McCarty*, 468 U.S. at 442.

According to the DEA 6 report describing any alleged statement, Mr. Castillo was Mirandized before he gave the oral statement.  Even to any statement allegedly made

2

after Mr. Castillo was administered, and waived, his Miranda, such a waiver, if it occurred, was not knowing and voluntary. It is the government that bears the burden of demonstrating that Mr. Castillo waived his Miranda rights, that any such waiver was knowing and voluntary, or that Mr. Castillo, in fact, made the statement attributed to him.

## CONCLUSION

Wherefore, for these reasons and any others put forth during a hearing on this matter, the defendant requests that this motion be granted and that any statements alleged to have been made by him at the scene at the time of his arrest be suppressed.

Respectfully submitted,

_____
Elita C. Amato
Counsel to ADAN CASTILLO
D. C. Bar # 442797
1211 Conn. Ave., N.W.,
Suite 400
Washington, D.C.  20036
(202) 223-3210

## CERTIFICATE OF SERVICE

**I CERTIFY** that the above motion was filed electronically on June 13, 2006, hence service was made electronically on all parties in this case.

_____
**Elita C. Amato, Esq.**