UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 05-404 (RMC) |
| v. | ) | Next Date: 7/6/06 |
| | ) | |
| JORGE AGUILAR | ) | |
| | ) | |

### RESPONSE TO MOTION FOR F.R.E. 404(B) NOTICE AND MEMORANDUM IN SUPPORT

**COMES NOW,** the United States by and through Kenneth Blanco, Chief NDDS, and Paul Laymon, Trial Attorney NDDS, and responds to Defendant Aguilar's motion for pre-trial notice under Rule 404(b) of the Federal Rules of Evidence, of (1) the United State's intention to introduce evidence of Mr. Aguilar's involvement in other crimes, acts or misconduct and (2) the request of Defendant Aguilar that the government provide within reasonable time a list of all such evidence, including names of witnesses, dates, summaries of expected testimony and related documentary evidence.

Federal Rule of Evidence 404(b) states that upon request of the defendant the government shall provide, "reasonable notice of the evidence of other crimes, wrongs or acts, in advance of trial." The government intends to comply with the requirements set forth by F.R.E. 404(b). However, the request of the defense is overbroad. Notification of names of witnesses, and specific dates is not included within the requirements of 404(b) notice.

The D.C. Circuit has specifically addressed this issue. In *U.S. v. Watt,* 911 F.Supp. 538, 556-557 (D.D.C. 1995). the defense requested names, dates, and other particularized information.

1

The court denied this request stating "the text of Rule 404(b) indicates that the government need only describe the general nature of the evidence it intends to introduce" and further citing the Advisory Committee notes on the rule which provide that, "No specific form of notice is required, instead the Committee opted for a generalized notice provision which requires the prosecution to apprise the defendant of the general nature of the evidence of the extrinsic acts." *Id.*

The Circuit affirmed this decision in *U.S. v. Watson* where they denied the defense request for the disclosure of the identity of cooperating witnesses who planned to testify. The court stated, "Notice of general nature is all that Rule 404(b) requires." *U.S. v. Watson,* 409 F.3d 458, 466 (D.C. C. 2005). Moreover, "courts have routinely denied requests by defendants for greater particularity in 404(b) notice." *Id* citing *U.S. v. Watt,* 911 F.Supp. 538, 556-557 (D.C.C. 1995).

Thus, while the government intends to be fully comply with the Federal Rules of Evidence by giving reasonable notice of all other crimes, wrongs or acts under 404(b) which it may seek to introduce, the law requires the government to provide a description of the general nature of that evidence and not specific names, dates or other particularities. Accordingly, the motion should be denied.

        Respectfully Submitted,

        _____
        Paul W. Laymon
        Trial Attorney
        Narcotic and Dangerous Drugs
        Department of Justice, Suite 8414
        1400 New York Avenue, N. W.
        Washington, DC 20005
        Phone      202-514-1286
        Facsimile    202-514-1483

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of June 2006, I caused a true and correct copy of the Response to Defendant Aguilar's Motion for F.R.E. 404(b) Notice and Memorandum in Support to be delivered to the parties in this case via Electronic Case Filing.

_____
Paul W. Laymon