UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE NO. 05-404** |
| | : | |
| **v.** | : | |
| | : | |
| **JORGE AGUILAR GARCIA** | : | |

**GOVERNMENT'S MOTION FOR CONTINUANCE**

The United States respectfully moves this Court to continue the trial scheduled in the above-captioned case, for those reasons as more fully set forth below.

<u>Argument</u>

This case is scheduled for trial on August 21, 2006, approximately five days from the date of this filing. The defendant has filed a motion to exclude testimony from a government informant because the government has not yet disclosed the informant's true name. The defendant claims prejudice.

However, the delay in this disclosure is largely of the defendant's own making. On several occasions within the last several weeks, the defendant has indicated that he wanted to continue both the motions hearings and the August 21st trial date (see attachments). On June 21, 2006, defense counsel asked the court to continue the motions hearing which was set for July 6, 2006. The court agreed to reschedule the motions hearing to accomodate defense counsel. In part because defense counsel said he was available on August 10, the court reset the motions hearing to August 10. On July 10, 2006, defense counsel asked the court to postpone the August 10 hearings, and the motions hearing was reset to August 17, 2006.

Defense counsel has also contributed to some confusion concerning the t rial date and

whether the defendant might plead guilty . The trial was set for August 21, 2006.  On July 26, 2006, defense counsel asked the court to continue the trial "for about 1 month".   On July 31, the court consented to a continuance and asked the parties to find an agreeable trial date.   After a futile attempt to identify a trial date for 2006, defense counsel noted on August 6, 2006 that he could be ready for trial on August 21.  However, on that same day August 6, defense counsel also raised the possibility that his client might be willing to plead guilty and invited the government to reopen plea negotiations.  Counsel for the defendant and the government have talked about plea possibilities, in fact as recently as August 16, 2006.

  The government has not disclosed the name of the informant before now because a long delay between the disclosure of his name and his testimony at trial would increase security concerns for the informant and the informant's family, and arguably threaten the government's case-in-chief.  The informant, who works undercover for the Drug Enforcement Administration in international narcotics cases, is a material witness for the government in a case involving high level cocaine trafficking and official corruption in Guatemala.

  The uncertainty over actual trial and motions date places the government in an untenable position.  The government's choices are to (1) prematurely disclose the informant's true name, heightening security risks for the informant, and threatening its case in chief, or (2) withhold the informant's name, and allow the defendant to complain that he has not received this information far enough in advance of trial.

  In other words, the government has been forced to choose between disclosing the informant's name to the defendant with the risk of a prolonged continuance of the trial, or disclosing the informant's name only a few days before an actual trial on August 21st.

  Neither option is preferable.  The government would prefer to disclose the informant's

name two weeks or more before the actual trial, so that it could clearly comply with the guidance given in *United States v. Mejia*, 448 F.3d 436 (D.C. Cir. 2006) by the D.C. Circuit Court of Appeals. In that case, the Circuit Court indicated that disclosure two weeks before trial was sufficient.

Further, the government is prepared to withdraw its plea offer to the codefendant Castillo based on the events of August 15 and 16, 2006. That will leave Castillo and Aguilar joined for trial on August 21. Pursuant to Title, US Code, Section 3161(h)(7) and (8), the trial may be continued for a "reasonable period of delay".

In any event, a continuance of the current trial date to a date certain later this year or next would resolve this problem. A continuance is in the interests of justice. Therefore, the government moves this Court for an order continuing the August 21, 2006 trial date to a future date.

Respectfully submitted,

KENNETH BLANCO
CHIEF
Narcotic and Dangerous Drug Section
1400 New York Avenue
Washington, D.C.     20005


By: _____
    Michael Mota
    Paul Laymon
    Trial Attorneys
    Narcotic and Dangerous Drug Section
    1400 New York Avenue
    Washington, D.C.     20005

    (202)-514-5540
    (202)-514-1286

Case 1:05-cr-00404-RMC   Document 72   Filed 08/16/2006   Page 4 of 4