## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 05-404 |
| | : | |
| v. | : | |
| | : | |
| ADAN CASTILLO | : | |

### NOTICE OF 404(b) EVIDENCE

**COMES NOW** the United States of America, by and through the undersigned attorney, and gives notice of its intention to use evidence in its case in chief pursuant to Federal Rule of Evidence 404 (b). In support thereof, the Government states the following:

Defendant Adan Castillo is charged with conspiracy to import cocaine into the United States. He has asserted an affirmative defense claiming he acted under public authority.

The defendant was arrested in the United States on or about November 15, 2005. The same day, investigators in Guatemala seized cocaine and $23,000.00 in U.S. currency from the defendant's office in Guatemala City. Testimony at trial will establish that the defendant, a police official, held no legal authority in Guatemala to keep narcotics or large amounts of cash in his office. The government also intends to introduce photographs of the narcotics and cash seized from the defendant's office.

Federal Rule of Evidence 404(b) allows for the admission of "other crimes, wrongs, or acts" to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

Possession of cocaine is a criminal offense, both in the United States and in Guatemala. The U.S. dollar is not the national currency of Guatemala. Federal courts in the U.S. have admitted evidence of large amounts of cash or the presence of firearms as "tools of the trade" of

narcotics trafficking.  *United States v. Payne,* 805 F.2d 1062 (D.C. Cir. 1986); *United States v. Gibbs,* 904 F.2d 52 (D.C. Cir. 1990); *United States v. Ramirez,* 45 F.3d 1096 (7th Cir. 1995)*; United States v. Hardwell,* 80 F.3d 1471 (10th Cir. 1996)*; United States v. Mendoza-Salgado*, 964 F.2d 993 (10th Cir. 1992).

Therefore, evidence that the defendant kept cocaine and lots of U.S. currency in his office, without authorization and at the same time that he was arrested in the present case, is proof of motive, intent, or absence of mistake or accident.  It is also particularly relevant to his defense that he acted under legal public authority while committing the offenses charged.

Respectfully submitted,

KENNETH BLANCO
Chief
Narcotic and Dangerous Drug Section
U.S. Department of Justice
1400 New York Avenue, N.W.
Washington, D.C.   20005

by: _____

    Michael Mota
    Paul Laymon
    Trial Attorneys
    Narcotic and Dangerous Drug Section
    U.S. Department of Justice
    Washington, D.C.

    202-514-5540