THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | Criminal No. 05-404 (RMC) |
| ) | |
| ADAN CASTILLO ) | |
| ) | |
|   Defendant. ) | |
| _____ ) | |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S INTENT
TO INTRODUCE 404(B) EVIDENCE.**

The government has filed two motions seeking permission to introduce what it characterizes as 404(b) evidence, namely cocaine, $23, 000.00 in U.S. currency, and firearms and grenades all of which it alleges were found in Mr. Castillo's office as well as evidence of the seizure of 997 kilos of cocaine in the Port of Santo Tomas, Guatemala on or about November 15, 2005. Such notice is untimely, as it was only recently filed, within one to two weeks of trial and after the initial trial date.[1]

In essence the government seeks to introduce such evidence to show bad character thus the government should be precluded from introducing the evidence. The government uses boilerplate language without specifics stating that such evidence is proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Undersigned is unclear how such evidence proves these purposes. "[T]he government must precisely articulate the purpose for which the evidence is offered." *United States v. Hardwell*, 80 F.3d 1471, 1488 (10th Cir. 1996).[2]

---

[1] Rule 404(b) requires the prosecution provide "reasonable notice in advance of trial." 404(b) One to two weeks before trial is not reasonable notice and therefore, the government should be summarily precluded from introduction of such evidence.

[2] The government cites this case in its supplemental notice of 404(b) evidence.

Firearms/Grenades

While there may be case law finding that the presence of firearms is a "tool of the trade" of narcotics trafficking such analysis does not properly apply in this case. According to the discovery to date, the firearms and grenades were found in Mr. Castillo's office. The government has produced no evidence showing that Mr. Castillo used such items himself outside of police work. It appears that the type of items also demonstrates that such items were used in police work. Further the type of activity the government alleges Mr. Castillo was involved in in this case, importation of narcotics into the United States, would not have required the use of such items. The government alleges that Mr. Castillo and his co-defendant Palacios, who was the representative of their office at the Port of Santo Thomas were going to permit entry of drug shipments through the port rather than seize the narcotics. Such activity would not require the use of grenades and firearms. The government is fully aware of the type of work Mr. Castillo was involved in and why such work may have required himself as well as his staff to have access to weapons.

997 Kilos

The evidence of the seizure of 997 kilos of cocaine is not a prior act. As such it does not go to any 404(b) purpose. Further, to date, the government has not proffered how it intends to tie such evidence to Mr. Castillo. According to the government's own representations during the motions hearing, the only person the government could call

who has information relative to that seizure beyond the fact of the seizure is co-defendant Palacios. At this juncture, undersigned has been informed that Mr. Palacios does not intend to testify in Mr. Castillo's and Mr. Aquilar's trial. Therefore, there is nothing linking Mr. Castillo to such loads as such evidence is too attenuated not relevant and pursuant to Rule 402 is inadmissible. Further, it is highly prejudicial. By its nature, it is prejudicial. The only purpose for its introduction is to show that Mr. Castillo had proclivity to permit drug traffickers to bring drugs through that port. The government would in essence be proposing to the jury that just like that shipment, Mr. Castillo intended when he spoke with the government informant in this case, to help the informants import a shipment through this very same port. This clearly goes to bad character. Therefore, even if the government could somehow show some relevancy to the evidence pursuant to Rule 403 it should be excluded.

<u>Cocaine in Office</u>

There are too many differences in the facts of this case and those surrounding the seizure of cocaine found in Mr. Castillo's office to be of relevance pursuant to Rule 402. Firstly, the amounts are very different. The cocaine which the informants sought to bring through Guatemala were of large kilogram quantities. According to the lab analysis, the amount of cocaine found in Mr. Castillo's office was considerably less. Further, there is no evidence that the cocaine seized in the office was present for the same type of offense in this case. Mr. Castillo is charged with importation into this country not for possession or distribution in his own country. There is no allegation by the government that Mr. Castillo was a drug dealer in his own country but rather that he was a facilitator to

3

international narcotics dealers for purposes of importation. None of the purposes the government puts forth supports introduction of this evidence and even if there was some legitimate purpose, the introduction of the evidence would not be relevant to this case.

Money in Office

The government alleges a large amount of currency was found in Mr. Castillo's office after his arrest. The government has not precisely articulated the purpose for which this evidence is offered and must be summarily suppressed. See United States v. Hardwell, supra at 1488.

**WHEREFORE**, Mr. Castillo, respectfully requests the Court deny the government's motion for introduction of 404(b) evidence.

Respectfully submitted,

_____
Elita C. Amato
Counsel to ADAN CASTILLO
D. C. Bar # 442797
1211 Conn. Ave., N.W.,
Suite 400
Washington, D.C. 20036
(202) 223-3210

### CERTIFICATE OF SERVICE

**I CERTIFY** that the above opposition was filed electronically on September 1, 2006, hence service was made electronically on all parties in this case.

_____
**Elita C. Amato, Esq.**

4