UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. Cr-05-404 (RMC) |
| v.  ) | |
| ) | |
| JORGE AGUILAR ) | |
| _____) | |

## RESPONSE TO DEFENDANT AGUILAR'S RESPONSE ON PUBLIC AUTHORITY DEFENSE

Comes now the United States of America, by and through Kenneth A. Blanco, Chief, Narcotics and Dangerous Drugs, Department of Justice, and Paul W. Laymon, Jr., Trial Attorney, Narcotic and Dangerous Drugs, and further responds to the issue concerning the public authority defense.

In *United States v. Barker,* 546 F.2d 940 (D.C.Cir 1976), the court addressed the "apparent authority" defense in three separate opinions. In the lead opinion, the court noted that to avail himself of the defense, the defendant must show both (1) facts justifying his reasonable reliance on the official's apparent authority and (2) a legal theory on which to base a reasonable belief that the official possessed such authority. *Id.* at 949. The defense must be "objectively reasonable under the circumstances". *Id.* at 947-48. Further, government officials must be held to a much higher standard than private citizens "with regard to their ability and authority to judge the lawfulness of a particular government activity". *Id.* at 948-49. As stated by the Fourth Circuit, permitting the use of such a defense on flimsy facts would grant any criminal "*carte blanche* to violate the law should he subjectively decide that he serves the government's interest thereby. Lawbreakers would become their own judges and juries." *United States v. Wilson,* 721 F.2d 967,975 (4th Cir. 1983).

However, *Barker* has limited authority in this district.  In *United States v. North,* 910 F.2d 843, 880-81 (D.C.Cir. 1990), the court stated that "we do not think that any coherent principle can be gleaned from the *Barker* case because the reasoning of the (concurring judge's) opinion does not mesh with its outcome.  In such a situation, we could not fault a district court solely for a failure to "follow" *Barker." Id.* at 881.   In *North,* the defendant argued that reasonable reliance on the apparent authority of one's superiors is an absolute defense.  *Id.* at 878.  The circuit court noted that "in the absence of clear and comprehensible Circuit authority that we must do so, we refuse to hold that following orders, without more, can transform an illegal act int a legal one." *Id.* at 881.   And in *United States v. Lam Kwong-Wah,* 924 F2d 298, 310, n. 9 (D.C.Cir 1991),  the court noted that "although the precise parameters, and indeed the very validity, of the public authority defense, are unclear in this circuit ... it seems clear that to have any hope of success a defendant must show at least that he "honestly and reasonably" believed that his actions were being committed pursuant to lawful authority ... and the belief must be "objectively reasonable" (citations omitted).

Defendant cannot even meet the rather clear standard suggested in *Lam Kwong-Wah.* In Guatemala, undercover investigations are not permitted by the law and a prosecutor in Guatemala is not permitted to use such evidence in court.   The government will present testimony from defendant Castillo's superior that Castillo was not authorized to carry out an undercover investigation of the DEA informants who were posing as Colombian drug dealers. The government will present testimony from two Guatemalan prosecutors that Guatemalan law does not permit undercover operations and that such evidence is inadmissible in court.  The government will produce testimony from two career Guatemalan law enforcement officers that in their entire careers they have never worked an undercover drug investigation.   Defendant

Aguilar was a longtime Guatemalan police officer and the second in command of the Guatemalan version of the DEA.  He was not equipped with a tape player to record the meetings with the informants, he had no backup officers, he wrote no reports, and he had the bribe money in his possession when he was arrested in Chantilly, VA.  The absurdity of defendant's claim is made crystal clear when one considers's the idea that the present director of the DEA, Karen Tandy, and her chief deputy, would go out by themselves to illegally search the home of a Washington, D.C. crack dealer.  Defendant Aguilar cannot possibly produce evidence that he acted honestly and reasonably, the linchpins of this defense.   And, to the extent defendant Castillo raises the same defense, he too fails.

Accordingly, the court should prohibit the defense from raising this defense and not instruct the jury regarding this defense, unless it is to instruct the jury that the defense does not apply.

Respectfully submitted,

_____
Paul W. Laymon and Michael Mota
Trial Attorneys
Narcotic and Dangerous Drugs
Department of Justice, Suite 8414
1400 New York Avenue, N. W.
Washington, DC 20005
Phone	202-514-1286
Facsimile	202-514-1483